# Straight Creek Bus, Inc., v. Combs et al.

Oct. 14, 1941.

Logan E. Patterson for appellant.

Golden & Lay for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

The Straight Creek Bus Company, after complying with the statutory provisions enabling it to operate as a common carrier between fixed termini in Bell County, was granted a certificate of convenience and necessity to so operate. One of its lines runs between Pineville and Crockett. According to an agreed statement of facts, and the deposition of the Director of the Division of Motor Transportation referred to in that statement, Clint and Bertram Combs have neither made application to the Division of Motor Transportation for, nor have they been granted, a permit by it authorizing them to carry persons for hire upon the public highways of the Commonwealth. Clint Combs owns a station wagon, which he uses in transporting persons for hire from their residences in and around Pineville to the mine at Crockett where they work on the days that the mine is in operation. He makes three trips daily, the hours of two of them coinciding approximately with the Bus Company's schedule. Combs' passengers are not picked up between the terminal points of the Company's stations in Pineville and Crockett. After Combs picks up his passengers he enters upon the route covered by the Company's certificate between Pineville and Crockett and traverses it as far as Crockett, where he leaves the main road to take his passengers to the mine, a distance of about 100 yards from the road.

The Bus Company instituted this action seeking a permanent injunction against the Combses to restrain them from carrying passengers for hire over the route,

or any part thereof, covered by its certificate of convenience and necessity. This appeal is being prosecuted from the judgment denying the Company the relief sought.

The Company insists that the judgment should be reversed for two reasons. They are:

"(1) Because the appellees are operating a bus business, upon a limited scale, over the very route designated in this appellant's certificate of convenience and necessity, without having made any pretense of complying with the laws of the State relating to such business; and

"(2) Because the appellant has 'an interest in the subject matter' in any case wherein individuals or corporations illegally seek to transport persons for hire over any part of the route covered by this appellant's certificate of convenience and necessity, and is therefore entitled to enjoin such illegal transportation."

Being of the opinion that ground 1 is well founded, we deem it unnecessary to discuss ground 2. We may say in passing, however, that we are asked in ground 2 to reconsider our ruling in the case of V. T. C. Lines, Inc., v. Durham, 272 Ky. 638, 114 S. W. (2d) 1089. We deem this unnecessary for a proper determination of the case before us.

The facts and circumstances heretofore set forth clearly indicate that the Company is entitled to the relief sought. It has been granted a certificate of convenience and necessity to operate its buses over the route in question. The appellees have made no pretense of qualifying for carrying passengers for hire over the highways of the Commonwealth and are illegally transporting passengers over one of the routes covered by the Company's certificate. This they should not be permitted to do. See Reo Bus Lines Co. v. Southern Bus Line Co., 209 Ky. 40, 272 S. W. 18; People's Transit Co. v. Louisville Railway Company, 220 Ky. 728, 295 S. W. 1055.

Wherefore, the judgment is reversed with directions that it be set aside and for the entry of a judgment in conformity with this opinion.